FILED
2004 Nov-30 PM 05:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2004 NOV 30 PM 4:24

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MONTROSE CAPITAL, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 04-C-2564-S |
| **ESCROW.COM, INTERNET** ) | |
| **ESCROW SERVICES, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Presently before the Court is Defendant Escrow.com and Internet Escrow Services, Inc.'s Motion To Compel Arbitration And To Stay The Proceedings, Including Discovery. (Doc. 9.)

The Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 5, governs contracts involving interstate commerce and provides that arbitration clauses in such contracts are "valid, irrevocable, and enforceable." *South Alabama Pigs, LLC v. Farm Feeders, Inc.*, 305 F. Supp. 2d 1252 (M.D. Ala. 2004) (citing 9 U.S.C.A. § 5). The transaction in dispute in the present case before this Court occurred between a Mauritius seller and a Luxembourg buyer and was conducted through the escrow services of a California corporation. Therefore, this transaction involved interstate commerce. (Doc. 9 ¶ 3.)

The United States Court of Appeals for the Eleventh Circuit has described the

determination of the propriety of a motion to compel arbitration as a two-step inquiry. *Klay v. PacifiCare Health Systems, Inc.*, No. 03-14828, 2004 WL 2480781 at *6 (11th Cir. Nov. 5, 2004). First, the court must determine whether the parties agreed to arbitrate the dispute. *Id.* Federal policy clearly favors the enforcement of arbitration agreements. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)). An agreement to arbitrate, however, constitutes a contract, and "the FAA's strong pro-arbitration policy only applies to disputes that the parties have agreed to arbitrate." *Id.* If the court concludes that the parties have agreed to arbitrate, the second step in the inquiry requires the court to determine whether "'legal constraints external to the parties' agreement foreclosed arbitration.'" *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

The "Disputes Covered" provision of the Escrow Instructions states that if negotiations have failed to resolve any dispute between buyer and seller, Escrow.com "may . . . institute binding arbitration under section 5.1 *among* Buyer, Seller, ECSC, IES, and IESI . . . ." (Doc. 9, Ex. B ¶ 5.2.) (emphasis added). The use of the word "among" in this provision indicates that Escrow.com intended for the arbitration agreement to apply not only to any disputes between buyer and seller but also to any disputes involving buyer and/or seller and Escrow.com and its affiliates. Moreover, this provision states that the arbitration agreement "shall *also* apply to any dispute . . . between Buyer and Seller relating to the Site." (Doc. 9, Ex. B ¶ 5.2.) (emphasis added). The word "also" would be superfluous if the arbitration agreement applied only to disputes between buyers and sellers and did not

encompass disputes such parties might have with Escrow.com.

Additionally, the agreement states that the buyer and seller "agree to consult and negotiate with each other in good faith." (Doc. 9, Ex. B ¶ 5.1). If the parties fail to settle their dispute through negotiations within sixty days, then the parties are bound to arbitrate their disputes. (*Id.*)

The Court hereby finds that there is an enforceable arbitration agreement between Defendant Escrow.com; Internet Escrow Services, Inc. and Plaintiff Montrose Capital. The arbitration agreement requires the Parties to enter into good faith negotiations for sixty days prior to arbitration.

## CONCLUSION

Based on the foregoing, Defendant Escrow.com; Internet Escrow Services, Inc.'s Motion To Compel Arbitration And To Stay The Proceedings, Including Discovery, is due to be treated as a motion to dismiss without prejudice, and treated as such, GRANTED.

As a condition precedent to arbitration, the Parties will be ordered to participate in good faith negotiations for a period of sixty days

Done this the 30th day of November, 2004.